UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCURY CASUALTY COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>TIMOTHY BUEGE; YORKTOWN ARMS APARTMENTS; TC PROPERTY MANAGEMENT; MICHAEL GAVIN; JOSE DIVAS; SHERRY MONTGOMERY; MARY BUCHANAN; JEWELL FOWLER; JULIE CHRISTIAN; JERRY THIXTON; ROYCE THIXTON,<br><br>                Defendants. | 2:09-cv-00948-GEB-EFB<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

        An Order Setting Status (Pretrial Scheduling) Conference was filed April 7, 2009, ("April 7 Order") in which a status conference was scheduled in this case on July 13, 2009, and a joint status report was required to be filed no later than fourteen days prior to the status conference. The Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on August 10, 2009, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file

1

a timely status report.  Plaintiff shall also state in the written response shall whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on August 24, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the April 7 Order, a status report shall be filed no later than fourteen days prior to the status conference.

        IT IS SO ORDERED.

Dated:  July 7, 2009

                    GARLAND E. BURRELL, JR.
                    United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2