IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
MERCURY CASUALTY COMPANY            )
                                    )   2:09-cv-00948-GEB-EFB
          Plaintiff,                )
                                    )   ORDER IMPOSING SANCTIONS
     v.                             )
                                    )
TIMOTHY BUEGE; YORKTOWN ARMS        )
APARTMENTS; TC PROPERTY MANAGEMENT; )
MICHAEL GAVIN; JOSE DIVAS; SHERRY   )
MONTGOMERY; MARY BUCHANAN; JEWELL   )
FOWLER; JULIE CHRISTIAN; JERRY      )
THIXTON; ROYCE THIXTON,             )
                                    )
          Defendants.               )
                                    )
```

    Plaintiff and its lawyer were issued an Order to Show Cause ("OSC") on July 8, 2009, which required them to explain why sanctions should not be imposed for Plaintiff's failure to file a timely status report. On July 15, 2009, Plaintiff's counsel filed a response to the OSC, in which he indicates the reason he did not file a timely status report is because an unidentified court employee (located some place in the federal courthouse) gave him confusing information about his responsibility to file a timely status report. This unexplained conclusory assertion is woefully inadequate to avoid imposition of a sanction under Federal Rule of Civil Procedure 16 (f). Every lawyer practicing in this court has a personal obligation to read court

1

orders.  "Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients."  <u>Dela Rosa v. Scottsdale Memorial Health Systems, Inc.</u>, 136 F.3d 1241, 1244 (9th Cir. 1998). It is incredible that Plaintiff's counsel blames a court employee for his blunder.

Plaintiff's counsel should know that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . .  Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier."  <u>Johnson v. Mammoth Recreations, Inc.</u> 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotations omitted); <u>see also</u> <u>Ayers v. City of Richmond</u>, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend a settlement conference because **"the date 'slipped by him'"**) (emphasis added).  "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure . . . ."  <u>Dela Rosa</u>, 136 F.3d at 1244.

Since Plaintiff's counsel failed to file a timely status report, and the response of Plaintiff's attorney John P. Hallissy to the OSC is insufficient to avoid imposition of a sanction, a sanction will be imposed.  Therefore, Plaintiff's attorney John P. Hallissy is sanctioned three hundred fifty dollars ($350.00) for failure to timely file a status report.  This sanction shall be paid to the Clerk of this Court within ten (10) days from the date on which this Order is filed by a check made payable to the "United States Treasury."  Proof of payment shall be sent to the undersigned judge's chambers within

five (5) days of payment.  This sanction is personal to counsel or his law firm and shall not be transmitted to counsel's client.

IT IS SO ORDERED.

Dated:  August 19, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge