1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MERCURY CASUALTY COMPANY,

12          Plaintiff,              No. CIV S-09-0948 GEB EFB

13          vs.

14   TIMOTHY BUEGE, et al.,

15          Defendants.            <u>ORDER</u>
     _____/

16

17          The case is before the undersigned pursuant to Eastern District of California Local Rule

18   ("Local Rule") 72-302(c)(19) and 28 U.S.C. § 636(b).  On August 24, 2009, plaintiff filed a

19   motion for default judgment against defendant Sherry Montgomery, and noticed it for hearing on

20   September 23, 2009.

21          A review of the record and plaintiff's motion reveals that plaintiff has not complied with

22   the default procedures set forth in Federal Rule of Civil Procedure ("Rule") 55 or the motion

23   requirements set forth in Local Rule 78-230(a).  Obtaining a default judgment in federal court is

24   a two-step process governed by Rule 55.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

25   ////

26   ////

1

Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Rule 55(b) authorizes the entry of default judgment after the entry of default.  *See Schoenlein v. Frank*, 2009 WL 650273, at *1 (D. Haw. Mar. 10, 2009) ("Default judgment can only be entered against a defendant against whom default has been entered." (quotations omitted)); *Brooks v. United States*, 29 F. Supp.2d 613, 618 (N.D. Cal. 1998) ("As default has not been entered against defendant Babbitt, the entry of default judgment would be inappropriate. The entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court.").  Plaintiff has neither requested, nor received entry of default against defendant Montgomery by the Clerk.

Additionally, Local Rule 78-230(b) provides that a "moving party shall file with the Clerk a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion." Plaintiff's motion for default judgment states *only* that default judgment should be entered against defendant Montgomery because she was served with the complaint and failed to file a responsive pleading.  Dckt. No. 19.  The motion for default judgment does not state what judgment is appropriate or why that judgment is appropriate, and is not accompanied by a brief, affidavits, or any supporting evidence.  Therefore, plaintiff's motion for default judgment against defendant Montgomery is denied without prejudice.

SO ORDERED.

DATED:   September 11, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE